

LTL ATTORNEYS LLP
300 S. GRAND AVENUE, SUITE 3950
LOS ANGELES, CALIFORNIA 90071
TEL: 213-612-8900 | FAX: 213-612-3773
WWW.LTLATTORNEYS.COM

LOS ANGELES | SAN FRANCISCO | NEW YORK | ORANGE COUNTY

February 23, 2024

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103-1518

Re: *Thimes Solutions, Inc. v. TP-Link USA Corporation*, No. 22-56176

Dear Ms. Dwyer,

The authorities cited in Thimes's Rule 28(j) letter do not support its position.

In *BioCorRx v. VDM*, public press releases to attract investor funding were commercial as they "were made to promote the sales of BioCorRx's goods and services through the sale of its securities." __ Cal. Rptr. 3d __, 2024 WL 511061, *7–9 (Feb. 9, 2024). In contrast, the infringement reports here were submitted solely to Amazon to protect TP-Link's intellectual property rights. *BioCorRx* provides an illustrative juxtaposition between commercial (*e.g.*, public, investor-targeted press releases) and non-commercial statements (*e.g.*, non-public reports of infringement).

In *Paglia & Assoc. v. Hamilton*, defendant argued her statement that plaintiff committed "hard fraud in that [it] destroyed undamaged structures" was true and therefore non-defamatory. 316 Cal. Rptr. 3d 592, 598–99 (2023). Plaintiff submitted unrebutted evidence establishing it did not destroy undamaged structures and its work was pursuant to building codes. *Id.* at 599. In the anti-SLAPP context, plaintiff satisfied its "minimal" burden with respect to falsity. *Id*. at *596, *599. Additionally, in a single paragraph addressing actionability, the court stated that whether plaintiff undertook its work pursuant to building codes or engaged in needless and fraudulent destruction of structures could be proven or disproven. *Id.* The decision does not address the issue for which Thimes cites it—*i.e.*, the applicability of the principle, espoused in *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731–32 (9th Cir. 1999), that a layperson's interpretation of an unresolved legal issue is non-actionable opinion.

In *San Bernardino County v. Page*, defendant's statements were found false and misleading where they implied it was undisputed that a special tax was unconstitutional despite its constitutionality being: (1) well-established with "no conflicting decisional or statutory law"; and (2) effectively conceded by defendant in its rejected argument that "what may be constitutional today may be unconstitutional tomorrow." __ Cal. Rptr. 3d __, 2024 WL 619193, *9–11 (Feb. 14, 2024). Here, there is no dispute that whether Thimes's sales constituted trademark



infringement or trademark counterfeiting was (and remains) a contested and unresolved legal issue.

    Respectfully,

    */s/ Prashanth Chennakesavan*
    Prashanth Chennakesavan
    *Counsel for Defendant-Appellee TP-Link USA Corporation*

In compliance with FRAP 28(j), counsel certifies that the body of this letter contains 348 words.