**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THIMES SOLUTIONS, INC., | No. 22-56176 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-10374-SB-E |
| v. | |
| TP LINK USA CORPORATION, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| AUCTION BROTHERS, INC., DBA Amazzia, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Argued and Submitted March 5, 2024
Pasadena, California

Before: H.A. THOMAS and DESAI, Circuit Judges, and SOTO,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable James Alan Soto, United States District Judge for the District of Arizona, sitting by designation.

Thimes Solutions, Inc. ("Thimes") appeals the district court's grant of summary judgment in favor of TP-Link USA Corporation ("TP-Link"). TP-Link filed complaints against Thimes through Amazon's online "Report Infringement" form. The form required complainants to articulate their allegations of infringement using pre-typed, non-editable options. TP-Link selected the option stating "a product is counterfeit (the product or packaging has an unlawful reproduction of a registered trademark)" to describe its specific concern. After being expelled from selling products on Amazon, Thimes sued TP-Link under California law for trade libel, intentional interference with contract, and intentional interference with prospective economic advantage. "We review the district court's grant of summary judgment de novo." *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The district court properly granted summary judgment in favor of TP-Link on Thimes's trade libel claim. Under California law, a trade libel claim requires "(1) a publication; (2) which induces others not to deal with [the] plaintiff; and (3) special damages." *Muddy Waters v. Superior Ct.*, 277 Cal. Rptr. 3d 204, 221 (Ct. App. 2021) (quoting *Nichols v. Great Am. Ins.*, 215 Cal. Rptr. 416, 420 (Ct. App. 1985)). The publication must be "a false and unprivileged statement of fact." *Mann v. Quality Old Time Serv., Inc.*, 15 Cal. Rptr. 3d 215, 221 (Ct. App. 2004), *overruled in part on other grounds by Baral v. Schnitt*, 376 P.3d 604 (Cal. 2016).

Here, we conclude that, under the totality of circumstances, TP-Link's complaints to Amazon are nonactionable statements of opinion because they do not declare or imply an assertion of fact. *See Underwager v. Channel 9 Austl.*, 69 F.3d 361, 366 (9th Cir. 1995) (explaining that the totality of the circumstances includes: (1) "whether the statement itself is sufficiently factual to be susceptible of being proved true or false"; (2) "the statement in its broad context"; and (3) "the specific context and content of the statements"). TP-Link's complaints were sent solely to Amazon. These complaints were made through an online form that limited the content and length of responses and invited rights owners to "notify Amazon of alleged intellectual property infringements" and "report their concerns." Moreover, the complaints were based on a layperson's understanding of what constitutes a violation of law. *See Rodriguez v. Panayiotou*, 314 F.3d 979, 986 (9th Cir. 2002) ("Absent a clear and unambiguous ruling from a court or agency of competent jurisdiction, statements by laypersons that purport to interpret the meaning of a statute . . . are opinion statements, and not statements of fact." (quoting *Coastal Abstract Serv., Inc. v. First Am. Title Ins.*, 173 F.3d 725, 731 (9th Cir. 1999))). And TP-Link's complaints were explicitly characterized as "concerns" and made with TP-Link's "good faith belief." *See Steam Press Holdings v. Haw. Teamsters, Allied Workers Union, Loc. 996*, 302 F.3d 998, 1008 (9th Cir. 2002) (reasoning that qualifiers can be "significant" when they give the reader "reason to construe [the]

3

statements as opinion rather than fact"). Although TP-Link's complaints may include verifiable claims, the totality of circumstances—including the broad context and specific content of the statements—establish that these complaints are nonactionable statements.

The district court also properly granted summary judgment on Thimes's trade libel claim because Thimes failed to provide evidence of special damages. Thimes's own speculation that it lost sales from certain customers and that the alleged losses are attributable to Amazon's expulsion is insufficient to create a genuine issue of material fact regarding the existence of special damages.[1] *See Muddy Waters, LLC*, 277 Cal. Rptr. 3d at 221 (holding that establishing special damages requires a plaintiff to identify specific transactions of which it was deprived due to someone's reliance on the alleged libel); *Erlich v. Etner*, 36 Cal. Rptr. 256, 259–60 (Ct. App. 1964) (finding plaintiff's testimony that he lost specific customers because of alleged libel insufficient to show loss was attributable to reliance on the alleged libel).

2. The district court properly granted summary judgment on Thimes's tortious interference claims because Thimes failed to show that TP-Link's

---

[1] The parties also dispute whether Amazon relied on TP-Link's complaints to expel Thimes, but even assuming Amazon did rely on TP-Link's complaints, summary judgment was proper because Thimes did not provide evidence of special damages.

4

complaints to Amazon were independently wrongful acts. *See Ixchel Pharma, LLC v. Biogen, Inc.*, 470 P.3d 571, 580 (Cal. 2020) (holding tortious interference with at-will contract claim requires independently wrongful act); *Korea Supply v. Lockheed Martin Corp.*, 63 P.3d 937, 953–54 (Cal. 2003) (same for interference with prospective economic advantage claim).

Thimes argues that TP-Link's complaints are independently wrongful because they constitute libel per se, fraud, and violations of California's Unfair Competition Law ("UCL"). But TP-Link's complaints are not libel per se or fraud because they are statements of opinion. And TP-Link's complaints do not violate the UCL because they are not commercial speech. *See Rezec v. Sony Pictures Ent., Inc.*, 10 Cal. Rptr. 3d 333, 337 (Ct. App. 2004) ("California's consumer protection laws, like the [UCL], govern only *commercial* speech."), *overruled in part on other grounds by FilmOn.com Inc. v. DoubleVerify Inc.*, 439 P.3d 1156 (Cal. 2019). TP-Link's statements were complaints alleging infringement, made privately to Amazon in hopes it would act against Thimes. Thus, both the intended audience and content of TP-Link's complaints establish that they are not commercial speech. *See Kasky v. Nike, Inc.*, 45 P.3d 243, 256 (Cal. 2002) (finding that the intended audience of commercial speech is typically an actual or potential buyer of the speaker's products, someone acting for such buyers, or someone likely to influence such buyers); *Serova v. Sony Music Ent.*, 515 P.3d 1, 10 (Cal. 2022) (finding commercial speech content

typically makes "representations of fact" about the speaker's business "for the purpose of promoting" the speaker's products).

**AFFIRMED**.